**AMERICAN AIRLINES, INC., a corporation, Plaintiff,**

v.

**TRANSPORT WORKERS UNION OF AMERICA et al., Defendants.**

**Civ. No. 67–C–223.**

United States District Court
N. D. Oklahoma.

Aug. 15, 1968.

See also D.C., 44 F.R.D. 47, D.C., 44 F.R.D. 236.

**2**

Loyd Benefield, of Savage, Gibson, Benefield & Shelton, Oklahoma City, Okl., for plaintiff; James Ellison, of Boone, Ellison & Smith, Tulsa, Okl., Arthur M. Wisehart, New York City, of counsel.

Maynard I. Ungerman, of Ungerman, Grabel, Ungerman & Leiter, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Plaintiff American Airlines, Inc., has moved for summary judgment on the basis that there is no genuine issue of fact remaining in the case and that it is entitled to a permanent injunction as a matter of law. Plaintiff has dismissed its claim herein for damages and now seeks only injunctive relief. In the hearing on the preliminary injunction, both the Plaintiff and the Defendants offered evidence on the issue of the Defendants' involvement in an unauthorized walkout.

At that hearing, it was determined that:

1. Nearly all of the members of the Defendant local union walked off their jobs at the Plaintiff's Tulsa Depot,

2. This action of the local union members was in violation of the labor contract between the parties, which contained a clause prohibiting strikes or walkouts.

3. The dispute was a minor dispute within the meaning of the Railway Labor Act, 45 U.S.C. § 151 et seq.,

4. The Defendants did not resort to the non-judicial procedures prescribed for handling this dispute by the Railway Labor Act, 45 U.S.C. § 151 et seq., and

5. The Court has jurisdiction of the parties and of the cause of action.

Defendants resist Plaintiff's Motion for Summary Judgment on the grounds that:

1. The standard of proof at a preliminary hearing is different from that which obtains at a hearing on the issuance of a final injunction, meaning, apparently, that the Plaintiff has made out only a prima facie case and has not sustained its burden of proof.

2. Not all factual issues were determined at the preliminary hearing (however, Defendants fail to state what factual issues remain to be determined and content themselves with stating merely that they "have additional evidence to present on the question of involvement in the alleged walkout"), and

3. Because of an alleged defect of parties certain of the Defendants have not had any hearing on the issue of their involvement in the walkout, and no case has been made against them in the capacity in which they have been sued.

 The Defendants have not questioned the use of summary judgment for granting a permanent injunction and it appears that such procedure may be utilized. Brotherhood of Railroad Carmen, etc. v. Chicago & N. W. Ry. Co., 354 F.2d 786 (Eighth Cir. 1966). The amendment to Rule 65(a), F.R.Civ.P., 28 U.S.C., which was adopted in 1966, was only a proposal at the time the above case was decided, and the Rule as it reads today effectuates the position adopted by the Eighth Circuit.[1] See

---

1. Rule 65. Injunctions: "(a) Preliminary Injunction.
\* \* \* (2) *Consolidation of Hearing with Trial on Merits.* Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and

also Standard Oil Co. of Texas v. Lopeno Gas Co., 240 F.2d 504 (Fifth Cir. 1957). The determinations made at the hearing on the preliminary injunction are, in accordance with this Rule, binding on the parties in the same manner as if such determinations had been made at a trial on the merits. Defendants' contention that the standard of proof at a hearing on a preliminary injunction differs from that at a trial on the merits is without validity. The factual bases which support the issuance of the preliminary injunction also support the issuance of the permanent injunction. Brotherhood of Railroad Carmen, etc. v. Chicago & N. W. Ry. Co., supra. The parties were afforded an opportunity to present all the evidence they had. The preliminary injunction was granted after a full review of all relevant, admissible evidence. There now remains no genuine issue as to any material fact necessary to support a permanent injunction. The evidence before the Court is undisputed that there was a walkout, it violated the labor contract, a minor dispute is involved; the Court has jurisdiction and there has been no resort to non-judicial procedures. Summary judgment should therefore be entered.

Defendants next contend that there is no evidence to support the involvement of the unions and the union officers named in the complaint in the unlawful walkout of the members of the unions. In granting this injunction, the Court is not concerned with their direct involvement in the unlawful walkout. It is only concerned with the unlawful walkout and the means to prevent its continuance. The Court has already determined herein that the unions are responsible when their members unlawfully commit a walkout. See Order filed January 24, 1968, overruling Defendants' Motion to Vacate Preliminary Injunction. Thus, whether these Defendants were directly involved in the unlawful walkout is not an issue, and evidence need not be presented on that point for purposes of granting a permanent injunction.

■■ Defendants' last contention relating to defect of parties really goes to the question of who should be bound by the permanent injunction and is related to their second contention. Plaintiff points out that the International Union has been certified by the National Mediation Board as the bargaining representative and that it signed the labor contract on which this suit is based. An injunction which does not include the principals to this contract would be a futile gesture on the part of the Court. No prejudice accrues to the International Union under the injunction, as it is only enjoined from violating the contract, which it has a duty to comply with in any event.[2] The Defendants also contend that the officers should not be held individually to the injunction. The Court can see no distinction on this basis for the reason that they are bound to observe the terms of the contract individually, and it is the unlawful violations of the contract which are being enjoined. The injunction imposes on them no greater duty. Indeed, they would be placed in a preferred position if they were not bound by the injunction, in

consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial."

2. Defendants refer the Court to the *Railroad Carmen* case cited above for the proposition that the international union was not includible in the injunction order because there was no showing of participation on its part in the unlawful strike. This is not true. In its statement of facts of the case, 354 F.2d at p. 787, the court said parenthetically that the national organization was exonerated of any responsibility in the action by the trial court, and gave no reasons for the exoneration.

that the classes which they represent are bound individually through their representation. Therefore, all the parties in this action are, either directly or through representation, parties to the labor contract which has been breached. A breach of the contract has occurred. The injunction arises out of this breach. There is no reason for any of the parties to the contract not to be charged with their full duties and responsibilities under it.

Plaintiff's Motion for Summary Judgment is granted. Counsel for Plaintiff is directed to prepare, within fifteen (15) days of the date hereof, an order permanently enjoining the Defendants from a violation of the labor contract between the parties which has formed the basis of this action, and submit same to the Court.